NOT DESIGNATED FOR PUBLICATION

Nos. 120,553
120,554

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES DYLAN COFFMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed February 14, 2020. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Amy E. Norton*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., ATCHESON, J., and WALKER, S.J.

PER CURIAM: James Dylan Coffman appeals the district court's decision to not reinstate his probation in two prior drug cases and its denial of Coffman's request to attend drug treatment. In addition, Coffman appeals the district court's decision to impose his underlying sentences without modification, asserting that his criminal history is an aggregate of mostly nonviolent offenses that do not justify imprisonment. Upon review, we find neither decision by the district court to be an abuse of discretion, particularly in light of Coffman's recidivism on drug related crimes and failure to take advantage of drug treatment programs while on probation. We therefore affirm the district court's decision.

1

On November 28, 2016, Coffman pled guilty to possession of methamphetamine. At sentencing, Coffman had a significant number of prior offenses and an overall criminal history score of B. Despite his criminal record, the district court granted Coffman a departure from presumptive prison, instead sentencing Coffman to 12 months of probation with an underlying sentence of 34 months. In so doing, the district court commented:

> "[W]ith this methamphetamine conviction, there are available treatment programs here in the community that this Court would believe would be more effective in dealing with that issue than just sending you to prison and would reduce your risk of recidivism."

Less than four months later, on March 6, 2017, the State again charged Coffman with possession of methamphetamine in a new case. At the same time, the State also filed a motion to revoke probation, which it later amended four times. The final version of the State's revocation motion alleged, among other things, that Coffman was not reporting for drug testing, was using illegal drugs, had not obtained a mental health assessment, and was not attending drug treatment.

On December 22, 2017, Coffman pled guilty to the new possession of methamphetamine charge. On March 5, 2018, despite Coffman's 48 prior offenses, the district court again sentenced Coffman to 12 months of probation with an underlying sentence of 36 months, also a departure from presumptive imprisonment. At the same time, the district court also considered the State's motion to revoke probation; ultimately reinstating Coffman's probation, following a 180-day intermediate prison sanction. As a condition of this second probation the district court additionally ordered Coffman to obtain a new alcohol and drug evaluation and a mental health assessment within 30 days of his release from custody.

At the close of the hearing on March 5, 2018, the district court judge cautioned Coffman as follows:

> "You've got to take advantage of probation. It really is an opportunity. It shouldn't be a battle. It shouldn't be a struggle with your [intensive supervision officer]. It shouldn't be a fight to see what you can get away with. It shouldn't be a time to try and hide an addiction. There's no one out to get you. We really just want to see you be successful and you keep giving us every reason to send you to prison and it's time to change that, Mr. Coffman. . . . [T]*his really is it. This will be the last chance. You have given me no other recourse in the future if you violate and come back.*" (Emphasis added.)

Nevertheless, despite the judge's admonition, four months later Coffman once again was charged with violating his probation. Specifically, on July 5, 2018, the State filed another motion to revoke probation, alleging that Coffman was still not reporting for drug testing and had not received a mental health assessment and an alcohol and drug evaluation as ordered. On August 29, 2018, the State amended its motion to add that Coffman had committed new violations, having been arrested a week earlier in Oklahoma for possession of methamphetamine.

On November 29, 2018, the district court held another probation revocation hearing, this time to address the State's new, amended motion. At the hearing, Coffman stipulated to the allegations in the State's motion. However, Coffman argued for another intermediate sanction and reinstatement of probation or, in the alternative, for reduced sentences in both cases.

The district court denied Coffman's requests, revoking Coffman's probation and remanding him to serve his underlying sentences. Coffman has timely appealed from these orders.

3

On appeal, Coffman first argues that the district court abused its discretion by denying his request to reinstate his probation. Probation from serving a criminal sentence is an act of grace by the sentencing court. Unless otherwise required by law, probation is granted as a privilege and not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation involves two steps. The district court must first determine whether the probationer has violated a condition of probation. Then, if a violation occurred, the district court must determine whether the violation warrants revocation of probation. *State v. Skolaut*, 286 Kan. 219, 227-29, 182 P.3d 1231 (2008).

At the revocation hearing, Coffman stipulated that he violated his probation based on possession of methamphetamine in Oklahoma, not reporting for drug testing, not receiving a mental health assessment, and not completing an alcohol and drug evaluation. In addition, on appeal, Coffman does not contest that the district court had the authority and discretion to revoke his probation based on the district court's finding that he committed a new crime. See K.S.A. 2018 Supp. 22-3716(c)(8)(A) (intermediate sanctions are not required if the probationer commits a new crime); *State v. Huckey*, 51 Kan. App. 2d 451, 454-55, 348 P.3d 997 (2015).

Instead, Coffman argues that the district court abused its discretion by failing to consider his request to remain on probation so that he could attend drug treatment. Under our laws, once the State has established that a probation violation has occurred, the decision whether to revoke probation rests in the sound discretion of the district court. *Skolaut*, 286 Kan. at 227-29; *State v. Brown*, 51 Kan. App. 876, 879, 357 P.3d 296 (2015). When the district court's action is a discretionary one, reversal for abuse of that discretion is only made if the judicial action is arbitrary, fanciful, or unreasonable, that is, when no reasonable person would agree with the decision; or if the judicial action is

4

based on an error of law or fact. *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016); *Brown*, 51 Kan. App. 2d at 879-80. The party asserting an abuse of discretion bears the burden of establishing such abuse. *Schaal*, 305 Kan. at 449.

Here, we do not hesitate to find that the district court acted well within its discretion to deny Coffman a third probation opportunity to pursue drug treatment. Notably, despite having already had two prior probation opportunities, Coffman did not take advantage of drug treatment programs either time. At both revocation hearings, Coffman stipulated that he had failed to report for drug testing, had not received a mental health assessment or an alcohol and drug evaluation, was not attending drug treatment, and was continuing to use drugs. Coffman's probation officer appropriately summarized that Coffman had been "noncompliant the entire time," despite having numerous interventions available to help Coffman stem his drug use.

Further, rather than pursue treatment, Coffman instead continued to commit drug crimes while on probation. Indeed, by the time of the second probation hearing, Coffman had been charged for additional drug charges on two separate occasions, in two states. Given Coffman's repeated history of drug use and noncompliance with probation, it was clearly not an abuse of discretion for the district court to conclude that Coffman's request to attend drug treatment was not entirely credible.

Instead, we agree with the district court judge's lament.

> "At some point, Mr. Coffman, what you do outside of Court results in an exhaustion of resources when they try over and over again. It doesn't mean you can't be successful at some point in the future, but these two cases have run their course. And I'm finding that [the] State has exhausted its efforts to have you conform to probation, you have not taken advantage of those on multiple occasions . . . ."

5

Additionally, we are not convinced by Coffman's argument that reinstatement of his probation would conform with the purposes of the Kansas Sentencing Guidelines Act, in particular:  focusing on rehabilitation, using public resources efficiently, and reserving prison space for the most serious violent offenders. See K.S.A. 2018 Supp. 21-6818; *State v. Favela*, 259 Kan. 215, 233-34, 911 P.2d 792 (1996). Nowhere does Coffman explain why drug treatment programs within the prison system would be inadequate for his rehabilitation. Further, given Coffman's repeated drug crime recidivism, it was reasonable for the district court to conclude that protecting the public safety and Coffman's own safety outweighed the concerns of prison overcrowding or the societal costs of confinement.

In sum, given the factual circumstances before the district court, including Coffman's sustained drug use, repeated failure to seek drug and mental health treatment, and continued commission of drug related crimes while on probation, we conclude that the district court did not abuse its discretion by not reinstating Coffman's probation a third time.

Coffman's second issue on appeal, related to his first, is that the district court abused its discretion by denying his request for modified sentences. In this regard, Coffman notes that, although he has a B criminal history score, he only has one "person felony" for an aggravated assault and another which was the result of aggregated misdemeanors. As such, Coffman argues that a departure from his underlying consecutive sentences of 34 months and 36 months was warranted.

It is correct that upon revocation of probation, the district court *may* order the defendant to serve the original sentence imposed or any lesser sentence. K.S.A. 2018 Supp. 22-3716(c)(1)(E). We once again review a district court's denial of a request for modified sentence following the revocation of probation for an abuse of discretion. *State v. Reeves*, 54 Kan. App. 644, 659, 403 P.3d 655 (2017).

Just as with Coffman's first issue on appeal, we similarly conclude that the district court did not abuse its discretion by denying Coffman's request for modified sentences. Notably, in both of Coffman's cases the district judge granted dispositional departures, against presumptive imprisonment and in favor of probation, which represented significant acts of grace by the district court. Despite Coffman's prior history of 48 prior offenses, the district court still granted Coffman two probation opportunities for the express purpose of obtaining drug treatment. Coffman failed to take advantage of those opportunities and now claims that "no reasonable person" would have denied him a third.

Instead, we agree with the district court that Coffman had exhausted his resources and that these two cases had "run their course." We are not persuaded by Coffman's attempts to massage his criminal record to suggest that further leniency by the district court was warranted. Despite an extensive criminal history and repeated drug crime recidivism, the district court, twice, granted Coffman probation instead of imprisonment. As already discussed, on both occasions Coffman failed to take advantage of drug and mental health treatment and to stay off drugs. In our view it was certainly reasonable, and no abuse of discretion, for the district court to decide against further sentencing modifications.

Affirmed.